GLD-148                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3001
_____

WARREN K. GLADDEN,
                                        Appellant

v.

THOMAS J. VILSACK,
SECRETARY US DEPARTMENT OF AGRICULTURE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-10-cv-05228)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2012

Before:  FUENTES, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: April 27, 2012)
_____

OPINION
_____

PER CURIAM

    Warren K. Gladden sued the Secretary of the Department of Agriculture, alleging

that he was discriminated against on the basis of race and age when he was not

considered for a position in the United States Forest Service.  The District Court

dismissed his complaint on the Secretary's motion, concluding that Warren could not

state a *prima facie* case for race- or age-discrimination based on his allegations and the

attachments to the complaint.  (Specifically, the District Court concluded that the

information that he presented showed that he was not considered for the position only

because he was not within the sufficiently large pool of qualified applicants who were

already federal employees.)

Warren appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review

is plenary.  McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009).  On

review, we will summarily affirm the District Court's judgment because no substantial

question is raised by this appeal.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

To establish a *prima facie* case of employment discrimination under Title VII on

the basis of race or age, a plaintiff must show that he or she is a member of a protected

class, was qualified for the position, was not hired, and that, under circumstances that

raise an inference of discriminatory action, the employer continued to seek out

individuals with qualifications similar to the plaintiff's to fill the position.  See Sarullo v.

United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).  Whereas Title VII claims

can be maintained with a showing that an improper consideration was a motivating factor

for the employer's action, see Gross v. FBL Financial Servs., Inc., 129 S. Ct. 2343, 2349

(2009), a claim under the Age Discrimination in Employment Act ("ADEA") requires a

showing that "age was the 'but-for' cause of the employer's adverse action," id. at 2351.

2

However, to survive a motion to dismiss, a plaintiff need not establish the elements of a *prima facie* case; a plaintiff merely must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation and citations omitted).

We accordingly turn to Warren's complaint to see if he pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). See also Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 176-177 (3d Cir. 2010) (discussing the Twombly/Iqbal standard). As we have noted previously, Twombly's "plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination." Fowler, 578 F.3d at 211 (citing Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 322 (3d Cir. 2008)).

Warren alleges that he is a member of a protected class based on his race and age. Construing all inferences in his favor, we will take his allegations about his education and experience to mean that he was qualified for the open position. We also note that he described the hiring of a younger, white woman for the position. However, based on his own allegations and his attachments to his complaint, Warren did not suggest that the employer declined to hire him under circumstances that raise an inference of discriminatory action. He essentially took issue with the fact that the employer

3

considered only eligible candidates who applied through the job announcement for current and former federal government employees ("federal employees"). He complained that he was not hired because federal employees were considered before outside candidates. He did not allege that he was treated differently from others who applied through the same job announcement that he used, which was for persons other than federal employees. In fact, he alleged that all who applied with him under the same job announcement received the same treatment. The discrimination between candidates who were federal employees and those who were not is not the discrimination Title VII or the ADEA protects against. In short, as the District Court concluded, Warren did not state a plausible claim for discrimination on the basis of age or race.

For these reasons, the District Court properly dismissed the complaint. Accordingly, we will affirm the District Court's decision.